

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

D & D POWER, L.L.C., §
 §
    Plaintiff, §
 §
VS. § NO. 4:07-CV-579-A
 §
WALKER CENTRIFUGE SERVICES, §
L.L.C., ET AL., §
 §
    Defendants. §

MEMORANDUM OPINION
and
ORDER

After having considered the motion of plaintiff, D & D Power, L.L.C., to remand, the response of defendants Walker Centrifuge Services, L.L.C. ("Walker Centrifuge"), Premier Solids Control, L.L.C. ("Premier Solids"), Charles W. Walker ("Walker"), Brett Williamson ("Williamson") thereto, plaintiff's reply to the response, and all other pertinent documents of record, the court has concluded that the action should be remanded to the state court from which it was removed.

I.

Background

This action was instituted by the filing by plaintiff in the District Court of Wise County, Texas, 271st Judicial District, on

July 17, 2007, of a petition naming Walker Centrifuge, Premier Solids, Walker, Williamson, Charles Birchell ("Birchell"), Tracy Taylor ("Taylor"), and Jeffrey Garner ("Garner") as defendants. Plaintiff alleged that defendants improperly obtained and used knowledge of plaintiff's closed-loop system for solids control at drilling sites in and around the Burnett Shale in North Texas. Plaintiff sought recovery of actual damages, an accounting of and disgorgement of all profits made by defendants from operations in competition with plaintiff's closed-loop system, exemplary damages, and attorneys' fees.

The state court papers reflect that Taylor and Garner each was personally served with state court process on July 18, 2007, and that counsel for Walker Centrifuge, Premier Solids, Walker, and Williamson accepted service for those defendants effective September 4, 2007. On September 28, 2007, a document issued by the office of the Secretary of State of the State of Texas was filed in the papers of the state court action certifying that process in the state court action was received by that office on August 13, 2007, that it was forwarded on August 15, 2007, by certified mail to Birchell at an address in the State of Oklahoma, and that a return receipt related to the mailing was

received in the Secretary of State's office on August 23, 2007, bearing the signature of Birchell's agent.

On September 28, 2007, Walker Centrifuge, Premier Solids, Walker, and Williamson filed a notice of removal. Subject-matter jurisdiction was alleged to be based on diversity of citizenship and the amount in controversy. The moving parties alleged in support of their claim of diversity of citizenship that (1) plaintiff alleged that it is a corporation existing under the laws of the State of Texas with its principal place of business in Texas; (2) Walker Centrifuge and Premier Solids each is a limited liability company organized under the laws of the State of Kansas with its principal place of business in Kansas, all of the members and managers of which are Kansas residents or entities formed under the laws of the State of Kansas with a principal place of business in Kansas; (3) Walker and Williamson each is a resident of the State of Kansas; (4) Birchell is a resident of the State of Oklahoma; and (5) while Taylor and Garner are residents of the State of Texas, their places of residence should be disregarded because they have been improperly joined as defendants in the action. The removing parties alleged that "all other defendants who had been served with summons

consent to the removal." Notice of Remand at 5. On October 4, 2007, consents signed by Taylor and Garner were filed.

In support of their contention that the amount in controversy is in excess of $75,000 exclusive of interest and costs, the removing parties alleged that:

> Plaintiff's Original Petition does not specifically plead an amount in controversy. However, from the face of its Original Petition, Plaintiff alleges an amount in controversy in excess of $75,000.00 exclusive of interest and costs. Plaintiff alleges its damages include amounts for *out-of pocket losses, benefit of the bargain losses, loss of use damages, lost opportunity damages, development costs, lost royalties, lost profits, damage to business reputation, disgorgement of profits,* and *exemplary damages*, which Plaintiff alleges should not be capped by the statutory provision in Chapter 41 of the Texas Civil Practice and Remedies Code. Specifically, Plaintiff has advised Defendants' counsel that its claimed lost profits are in excess of $300,000 per month since July of 2007, annualized at $3,750,000. Therefore, the amount in controversy is in excess of the statutory $75,000 threshold.

Notice of Removal at 2.

On October 25, 2007, plaintiff filed a motion to remand, giving the following reasons why the case should be remanded:

1. The notice of removal was not filed until more than thirty days after service of process on the first-served defendant. Taylor was served July 20, 2007, Garner July 30, 2007, and Birchell August 23, 2007. Even if service of process

4

on Taylor and Garner were to be disregarded, the service on Birchell more than thirty days before the notice of removal was filed would cause the removal not to be timely.

2. Birchell, who had been served with process prior to the filing of the notice of removal, did not join in the removal.

3. Removal was improper because there is not a complete diversity of citizenship inasmuch as plaintiff and at least two of the defendants, Taylor and Garner, are citizens of Texas.

4. The removing defendants failed to allege diversity of citizenship as to anyone because they alleged in their notice of removal the states in which the individual parties reside rather than their states of citizenship.

On October 30, 2007, the removing defendants, with leave of court, filed an amended notice of removal for the purpose of converting the state-of-residence allegations made in the originally filed notice to state-of-citizenship allegations, thus alleging complete diversity of citizenship except as between plaintiff and the allegedly improperly joined defendants, Taylor and Garner.[1]

---

[1]At pages 1 and 2 of its reply, plaintiff takes issue with the adequacy of the allegations of the removing defendants that Birchell is a citizen of Oklahoma, implying that he might well be a citizen of
(continued...)

5

On November 21, 2007, the removing defendants filed their response to the motion to remand. The responsive arguments will be discussed under the discussions below of plaintiff's grounds for remand. On December 5, 2007, plaintiff replied to the response.

II.

Analysis of Plaintiff's Ground for Remand

A. The Timeliness Issue.

The court assumes for the sake of discussion here that Taylor and Garner were improperly joined for the purpose of defeating diversity jurisdiction, with the consequence that the timeliness issue turns on the effect to be given to service of process on Birchell. As a general rule, the running of the thirty-day time for the filing of a notice of removal, as contemplated by 28 U.S.C. § 1446(b), would commence with service of process on the first served of multiple defendants. See Getty Oil Corp., Div. of Texaco v. Ins. Co. of N. Am., 841 F.2d 1254,

---

¹(...continued)
the State of Texas, thus destroying complete diversity. For the purposes of this memorandum opinion and order, the court is accepting the allegation of the removing defendants in their amended notice of removal that, upon information and belief, Birchell is a citizen of Oklahoma.

6

1262-63 (5th Cir. 1988); Brown v. Demco, Inc., 792 F.2d 478, 481-82 (5th Cir. 1986).

The removing defendants seek to avoid the effect of that rule by their argument that "since the Complaint did not plead an amount in controversy, the 30-day period in which to remove the case has yet to commence because defendants have not received a pleading or other paper from which it may first be ascertained that the case is one which is or has become removable." Resp. at 7 (internal quotation marks omitted). Needless to say, such a contention is inconsistent with the allegations made by the removing defendants, first in their notice of removal and again in their amended notice of removal, that, while plaintiff's pleading does not specifically plead an amount in controversy, "from the face of its Original Petition, Plaintiff alleges an amount in controversy in excess of $75,000.00 exclusive of interest and costs." Notice of Removal at 2; Am. Notice of Removal at 2.

As partial confirmation of their contention, the removing defendants called the court's attention to the allegation of plaintiff that the recovery it seeks of exemplary damages "should not be capped by the statutory provision in Chapter 41 of the Texas Civil and Practice Remedies Code." Notice of Removal at 2;

Am. Notice of Removal at 2. The applicable part of the statutory cap in Chapter 41 reads as follows:

> (b) Exemplary damages awarded against a defendant may not exceed an amount equal to the greater of:
>
> (1)(A) two times the amount of economic damages; plus
>
> (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or
>
> (2) $200,000.

Tex. Civ. Prac. & Rem. Code § 41.008(b) (Vernon 1997). Thus, plaintiff affirmatively alleged that it is seeking to recover more than $75,000 exclusive of interest and costs.[2]

The court concludes that the argument made by the removing defendants in support of their timeliness claim is without merit. The thirty-day period for the filing of a motion to remand commenced when Birchell was served with process no later than

---

[2]The law is settled that exemplary, or punitive, damages are to be included in determining whether the required jurisdictional amount exists. Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240-41 (1943).

8

August 23, 2007,[3] and expired before the notice of removal was filed on September 28, 2007.

B.   The Nonjoinder of Birchell in the Removal.

All properly joined defendants who have been served with process at the time of the removal must consent to the removal. See Getty Oil Corp., 841 F.2d at 1262. The removing defendants acknowledge that Birchell has not consented to the removal. They seek to avoid the consequences of his nonconsent by arguing that they did not know at the time of removal that Birchell was properly served with process and that Birchell was not properly joined by plaintiff.

As to the latter contention, the removing defendants base their argument that Birchell was not properly joined on nothing more than the fact that plaintiff alleged in its state court pleading that Birchell was a resident of the State of Texas.[4]

---

[3]The certificate of the Secretary of State of the State of Texas fixes a range for the date of service of process on Birchell by establishing that a copy of the process was sent by Birchell by certified mail on August 15, 2007, and that the return receipt received by the Secretary of State shows that on August 23, 2007, the mailing was received, as evidenced by the signature of Birchell's agent. Pl.'s App. at 15, tab D. The removing defendants do not question the adequacy of the service of process on Birchell during the August 15-August 23 time frame.

[4]The removing defendants acknowledged in their motion to file an amended notice of removal the distinction between place of residency
(continued...)

The removing defendants do not cite authority for such a proposition, nor has the court found any.[5] The court concludes that the contention that Birchell was improperly joined is without merit.

The factual basis of the first contention, as stated in the response, is that "[t]he official records provided by the State Court clerk [to defense counsel] provide[d] no indication that Birchell had been served at the time of removal." Resp. at 21. Interestingly, defendants do not contend that with the exercise of appropriate diligence they could not have learned at the time of removal that Birchell had been served with process or that they could not have learned of that fact within a few days

---

[4](...continued)
and place of citizenship. Nothing is presented by the removing defendants to persuade the court that the allegation that Birchell was a resident of the State of Texas was incorrect at the time it was made.

[5]The removing defendants cite in support of their argument that Birchell was improperly joined the cases of <u>Smallwood v. Ill. Cent. R.R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004), and <u>Jernigan v. Ashland Oil Inc.</u>, 989 F.2d 812, 815 (5th Cir. 1993). The court is not persuaded that either of those cases supports the removing defendants' position. The removing defendants have provided nothing that would convince the court that the allegation in plaintiff's state court pleading that Birchell was a resident of Texas was an actual fraud in the pleading of a jurisdictional fact with the intent to defeat federal court jurisdiction.

thereafter (for example, by the time of the filing of the consents of Taylor and Garner on October 4, 2007).

The court concludes that the failure of Birchell to consent to, or join in, the removal causes the removal to be defective.

C.  The Improper Joinder Issue.

The remaining defendants provided evidentiary support for their improper joinder claims in the form of the declarations of Williamson, Taylor, Walker, Garner, and Sarah M. Abbott. If the facts stated in those declarations are true, plaintiff would not have a legitimate claim against any of the defendants. In other words, the declared facts would constitute a defense to all claims asserted by plaintiff. Plaintiff does not present any evidentiary response to the declared facts. Consequently, if the court were to be required to resolve the issue of improper joinder of Taylor and Garner, the court would be inclined to conclude that both of them were improperly joined. However, the court, nevertheless, would be required to remand the case for the procedural reasons discussed above. Furthermore, while the court has not made a detailed analysis of the subject, the appearance is that the same facts that would cause the court to conclude that there was an improper joinder would serve as a defense to plaintiff's claims against the remaining defendants. That

circumstance could provide another reason for remand. <u>See</u> <u>Smallwood v. Ill. Cent. R.R. Co.</u>, 385 F.3d 568, 576 (5th Cir. 2004).

\* \* \* \* \* \*

For each of the reasons given above, the court has concluded that the case should be remanded to the state court.

III.

<u>Plaintiff Should Recover Attorneys' Fees</u>

Plaintiff seeks recovery from the removing defendants of attorneys' fees under 28 U.S.C. § 1447(c) on the ground that the removing defendants lacked an objectively reasonable basis for the removal. The court has concluded that justice requires that plaintiff recover reasonable attorneys' fees that it necessarily incurred by reason of the removal. The removing defendants have not persuaded the court that they had an objectively reasonable basis for seeking removal, and the court has concluded that they did not have such a basis. <u>See</u> <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). After having reviewed the affidavit of Lars L. Berg, the court finds that a fee of $5,750 would be a reasonable and just award.

IV.

## Order

The court ORDERS that plaintiff have and recover from the removing defendants, jointly and severally, $5,750 as attorneys' fees.

The court further ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED December 17, 2007

_____
JOHN McBRYDE
United States District Judge